IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONALD L.T. HENDERSON,

    Plaintiff,

v.                                      Civil Action No. 3:12CV904

HAROLD W. CLARKE, et al.,

    Defendants.

## MEMORANDUM OPINION

Ronald L. Henderson, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court on the Motion to Dismiss filed by Defendant Ruth Hale (ECF No. 25) and the Motion to Dismiss filed by Defendants Harold W. Clarke, the Director of the Virginia Department of Corrections ("VDOC"), A. Harvey, the Assistant Warden at Wallens Ridge State Prison, Randall C. Mathena, the Warden at Wallens Ridge State Prison, and Fred Schilling, the

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Head of the Medical Department of the VDOC ("VDOC Defendants," ECF No. 20).[2]

## I. HENDERSON'S COMPLAINT

In his Complaint, Henderson alleges the following in support of his claims for relief:

> On 6 May 2010, at 7:30 PM at Wallens Ridge State Prison in cell in POD B4, Officer R. Gardner . . . intentionally trapped the plaintiff's right hand in the cell door closure assembly, causing a puncture wound that penetrated his third finger of his right hand and laserated [sic] the ligaments and tendons associated with primary nuckle [sic] separating muscle and motor control of the finger.
> The medical department applied a bandaid at 8:15 PM. The medical department X-rayed the right hand on 18 May. The follow up for medical treatment was 49 days from the incident, and at that time Dr. Thompson refused care.
> The plaintiff has been in extreme pain since the time of the assault and has loss of the use of his hand as a result of this pain, his hand presently has limited range of motion and control all under extreme pain.

(Compl. 12, ECF No. 1.)[3] Henderson claims that the VDOC Defendants violated his Eighth Amendment[4] right "not to be

---

[2] By Memorandum Order entered November 26, 2014, the Court dismissed the claims against Defendants Gardner, Thompson, Stanford, and an Unknown Officer. (ECF No. 37.)

[3] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the capitalization in quotations from Henderson's Complaint.

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

subjected to cruel and unusual punishment" (id. at 14), and by denying him adequate medical care (id. at 15). Henderson also vaguely alleges that Defendants Clarke, Mathena, and Hale

> violated the plaintiff's right to access to the court . . . denied access to a law library; denied access to a legal professional to prepare this claim; denied access to persons trained in the law; denied access to materials to prepare or send this claim (stamps and envelope) to this Court; [and] denied him recourse for criminal acts in state court obstructing justice and denying due process.

(Id. at 14.) Finally, Henderson states that the VDOC Defendants "violated the plaintiff's right to be free from meaningless retaliation for filing this claim . . . ." (Id. at 15.) Henderson seeks monetary damages and a preliminary injunction in the form of a transfer from Red Onion or Wallens Ridge Prison.[5] (Id. at 16-17.) Henderson alleges no supporting facts for his additional claims. For the reasons stated below, the Motions to Dismiss will be granted.

## II. STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state

---

[5] The Court notes that Henderson was housed in Red Onion State Prison at the time he filed his Complaint. (ECF No. 3; Compl. 5.) He is now housed in River North Correctional Center. (ECF No. 33.) Because Henderson is no longer housed in Red Onion or Wallens Ridge, his demand for injunctive relief in the form of a transfer is moot. Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) (citations omitted).

3

a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

4

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

5

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. See Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must [allege] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of respondeat superior is inapplicable to § 1983 actions). Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted

6

personally in the deprivation of the plaintiff[']s rights." Vinnedge, 550 F.2d at 928.

Henderson fails to allege any facts that plausibly point to any conduct on the part of Defendants Clarke, Mathena, Harvey, or Schilling in the alleged deprivation of any constitutional rights. Henderson, instead, seeks to hold the VDOC Defendants responsible under a theory of respondeat superior.[6] That theory of liability fails to provide a basis for relief under § 1983.

---

[6] In his Complaint, Henderson alleges only supervisory liability without any personal involvement by the VDOC Defendants. For example, Henderson alleges that Clarke, as the Director of the VDOC, "is legally culpable for acts or omissions of the staff of the Virginia Department of Corrections . . . and the lack and disregard for care and welfare shown to persons incarcerated at Wallens Ridge State Prison." (Compl. 7-8.) Henderson's allegations against Mathena, Harvey, and Schilling are similarly vague and fail to allege that the VDOC Defendants personally participated in the deprivation of his rights.
Buried within a timeline of his grievance history, in his "Memorandum in Support of Response to Motion to Dismiss," Henderson states for the first time that "an informal complaint was directed to assistant warden A. Harvey on May 7, 2010." (Mem. Supp. Resp. 4, ECF No. 30.) Similarly, Henderson lists in his timeline "appeal to Health Services Director Fred Schilling in Richmond." (Mem. Supp. Resp. Attach. Ex. A, at 4, ECF No. 32-1 (capitalization corrected).) Henderson's vague mention of the Defendants' names in a grievance timeline, without any supporting facts, fail to sufficiently indicate that Defendants Harvey or Schilling personally participated in the deprivation of Henderson's constitutional rights. See Nelson v. Hill, No. 3:08CV603, 2010 WL 1005320, at *2 (E.D. Va. Mar. 17, 2010) (citation omitted) (explaining that "the Court will not . . . substantiate claims found in the . . . complaint with allegations lurking in the host of submissions Plaintiff deposited with the Court").

7

Accordingly, the Motion to Dismiss filed by Defendants Clarke, Mathena, Harvey, and Schilling will be granted,[7] and Henderson's claims against these Defendants will be dismissed without prejudice.

Henderson alleges that Ruth Hale denied him access to the courts. Specifically he claims that Hale "was the Wise County Magistrate, to whom the assault was reported to, and who refused to bring a criminal complaint against Officer R. Gardner, denying her oath to uphold the laws and constitution of the Commonwealth of Virginia and the Constitution of the United States." (Compl. 11.) Henderson's claim against Defendant Hale

---

[7] While an inmate's letters to prison administrators may establish a basis for § 1983 liability, the plaintiff must allege facts that plausibly posit "that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" Vance v. Peters, 97 F.3d 987, 993 (7th Cir. 1996) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Henderson must allege that Defendants Harvey and Schilling "knew of a constitutional deprivation and approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." Id. at 994 (citing Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)). Henderson's Complaint lacks any detail about the content, frequency, or manner of transmission of his communications to Defendants Harvey or Schilling. Thus, Henderson's vague allegations fall short of permitting the conclusion that his complaints placed Defendants Harvey and Schilling on sufficient notice of an excessive risk of harm to Henderson's health or safety. See id.
Even if Henderson had alleged sufficient facts about Harvey or Schilling, "a superior's after-the-fact denial of a grievance falls short of establishing § 1983 liability." DePaola v. Ray, No. 7:12cv00139, 2013 WL 4451236, at *8 (W.D. Va. July 22, 2013) (citing Brooks v. Beard, 167 F. App'x 923, 925 (3rd Cir. 2006)).

lacks legal merit. It is well established that a "'a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 767 n.13 (2005) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). Henderson's claim against Defendant Hale is legally frivolous. Accordingly, Defendant Hale's Motion to Dismiss will be granted.

## IV. CONCLUSION

Defendants' Motions to Dismiss (ECF Nos. 20, 25) will be granted. Defendants' Motions to Transfer (ECF Nos. 18, 23) will be denied as moot. Henderson's claims and the action will be dismissed.

The Clerk is directed to send a copy of the Memorandum Opinion to Henderson and counsel of record.

/s/ _REP_
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 24, 2015

9